UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT KROPILAK and
NICOLE L. COLLINS,

    Plaintiffs,

vs.                                                 CASE NO. 8:12-cv-01816-EAK-TGW

21st CENTURY SECURITY INSURANCE
COMPANY F/K/A NEW HAMPSHIRE
INDEMNITY COMPANY, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion for Final Summary Judgment (Doc. 53) and Plaintiffs' Legal Memorandum in Opposition to Defendant's Motion for Final Summary Judgment (Doc. 60). For the reasons set forth below, the Motion for Final Summary Judgment is **DENIED**.

## PROCEDURAL HISTORY

Plaintiffs, Robert Kropilak and Nicole Collins, initially filed their Complaint (Doc. 2) in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida. Defendant, 21st Century Security Insurance Company, f/k/a New Hampshire Indemnity Company, Inc. ("21st Century"), removed this case to the Middle District of Florida and filed its Answer and Affirmative Defenses (Doc. 5) on August 17, 2012. Defendant then filed its Amended Answer and Affirmative Defenses (Doc. 7) on September 4, 2012, and subsequently its Second Amended Answer and Affirmative Defenses (Doc. 19) on February 27, 2013. Defendant filed its Motion

for Final Summary Judgment (Doc. 53) on January 31, 2014. Plaintiffs filed their Memorandum in Opposition (Doc. 60) on February 21, 2014.

## STATEMENT OF THE FACTS

The following facts are submitted by the parties in support or opposition to Defendant's Motion for Final Summary Judgment. The Court construes these "facts" solely for the purpose of resolving the pending motion.

21st Century insured Nicole Collins ("Collins") under a policy that provided bodily injury liability coverage in the amount of $10,000.00 per person and $20,000.00 per accident. On October 7, 2008, Collins was involved in a motor vehicle accident with Robert Kropilak ("Kropilak"), the operator of a motorcycle, and Kropilak was transported to the hospital via Bayflight. According to the Traffic Crash Report, Collins was completely at fault for the accident. Collins reported the accident to 21st Century the same day. 21st Century supervisor Bryan Whidden assigned Tracy Schwager as the representative, or "extended handler," to handle the claim. On October 9, 2008, Ms. Schwager wrote to Collins to explain the coverage limits provided by the insurance policy, the possibility that the claim for damages could exceed the coverage limits and any judgment excess of the limits would be Collin's personal responsibility, and that Collins had the right to retain her own personal counsel. Kropilak hired the law firm of Beltz & Ruth to represent him.

On October 20, 2008, counsel for St. Joseph's Hospital faxed Ms. Schwager a lien notice relating to medical services for Kropilak. Additionally on October 20, 2008, 21st Century received a letter from the law firm of Beltz & Ruth stating that they represented Kropilak and requested disclosure of insurance information pursuant to section 627.4137, Florida Statutes. The

2

letter also enclosed a copy of the Florida Traffic Crash Report. On November 10, 2008, 21st Century responded to the insurance information request.

On or around November 7, 2008, Steven Ruth, owner and president of Beltz & Ruth, determined that a lawsuit should be filed against Collins. Representatives from neither Beltz & Ruth nor 21st Century had spoken to one another prior to November 7, 2008. On November 13, 2008, 21st Century tendered the $10,000.00 policy limits. On November 18, 2008, Kropilak filed suit against Collins. On or about January 23, 2009, Kropilak served Collins with the Complaint. 21st Century retained Jeffrey Worman ("Worman") to represent Collins. On March 9, 2009, 21st Century wrote a letter to Collins regarding the lawsuit. The letter explained the coverage limits, the possibility that the claim for damages could exceed the coverage limits and any judgment excess of the limits would be Collin's personal responsibility, and that although 21st Century had retained attorney Worman to represent her, Collins had the right to retain her own personal counsel.

On March 5, 2010, counsel for Kropilak sent a settlement proposal to Worman where Collins would receive complete personal financial protection, the parties would agree to a judgment amount of $150,000.00, and the alleged bad faith claims would be preserved. 21st Century did not accept the settlement proposal. On August 6, 2010, a jury awarded damages to Kropilak in the amount of $173,097.07. Collins was personally liable to Kropilak for $160,597.07, plus interest.[1]

In February 2012, Kropilak and Collins entered into an agreement where Collins would assign any proceeds she might recover in the instant action against 21st Century to Kropilak.

---

[1] The judgment was partially satisfied by the $10,000.00 bodily injury policy limit and $2,500.00 property damage coverage.

3

Kropilak agreed to satisfy the judgment of the lawsuit against Collins after this Complaint was resolved.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for its motion for summary judgment and "identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 411 U.S. 317, 323 (1986). The moving party meets its burden if it demonstrates "an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the nonmoving party to identify specific facts that demonstrate a genuine issue of material fact in order to avoid summary judgment. *Id.* at 324.

An issue of fact is "genuine" only if a reasonable jury, after considering the evidence presented, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A factual issue is "material" if it might affect the outcome of the trial under the governing substantive law. *Id.* at 248; *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259–1260 (11th Cir. 2004). When ruling on a motion for summary judgment, the Court must view all inferences to be taken from the facts in the light most favorable to the nonmoving party. *U.S. v. Diebold*, 369 U.S. 654, 655 (1962). The weighing of evidence, the determination of credibility, and the drawing of reasonable inferences from the facts are all functions of the jury, not the judge. *Anderson*, 477 U.S. at 255. Therefore, if determination of the case rests on deciding which competing version of the facts and events is true, then summary judgment is

4

inappropriate and the case should be submitted to the jury. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

## Discussion

Defendant 21st Century argues that no reasonable jury could conclude that it acted in bad faith because it tendered the policy limits thirty-seven days after the accident without a demand, and did not act solely on the basis of its own interest. Further, Defendant argues that it cannot be held liable for bad faith because it had no realistic opportunity to settle.

Third-party bad faith exists when the insurer exposes its insured to excess judgment when the insurer "could have and should have" settled the claim within policy limits. 31B Fla. Jur. 2d Insurance § 3802. "An action against an insurer for its failure to settle in good faith a claim where an injured party other than the insured is entitled to the benefits under the policy as the result of the insured's tortious conduct was recognized by the common law." *Id.* Third-party bad faith claims were recognized in Florida as early as 1938. *State Farm Mut. Auto Ins. Co. v. Laforet*, 658 So.2d 55 (Fla. 1995); *see Auto Mut. Indem. Co. v. Shaw*, 134 Fla. 815, 184 So. 852 (1938). Furthermore, even though bad faith had occurred between the insured and the insurer, Florida courts allowed the injured third-party to bring a bad faith claim directly against the insurer. *Id; Thompson v. Commercial Union Ins. Co.*, 250 So.2d 259 (Fla.1971) (holding that judgment creditor can bring suit against the first-party's insurer to recover judgment in excess of policy limits based on the bad faith of the insurer).

The Defendant contends that no reasonable jury could find that 21st Century acted in bad faith by tendering its policy limits thirty-seven days after the accident. The Defendant believes that to Plaintiffs, this is a "*Powell* case." In *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12 (Fla. 3d DCA 1991), the insurer did not respond to the third-party attorney's initial request

for the insurer to release the policy limits. After the initial request, twelve days later the attorney made another attempt, this time by certified mail, to request the disclosure of the policy limits. *Id.* Six days after the certified mail request, the insurer had still not responded, and the attorney sent a third letter requesting that the policy limits be disclosed within the next three days. *Id.* Thirty-five days later, sixty-two days after the accident, the insurer called to inform that they were going to tender the policy limits. Two days later, the attorney informed the insurer that the policy limits were rejected, and a lawsuit was filed. *Id.* A jury verdict of $250,000.00 was entered against Powell. *Id.* At trial the defendant insurer Prudential moved for a directed verdict, which the trial court granted. *Id.* At issue on appeal was whether evidence showing that the claimant made no monetary demand, and subsequently rejected the insurer's disclosure of policy limits, entitled the insurer to a "judgment as a matter of law without consideration of other circumstances." *Id.* The court held the case should not have been decided as a matter of law since there was sufficient evidence of bad faith to take the case to the jury. *Id.* at 14. The court reasoned that an offer to settle is merely one factor to be considered with judging the insurer bad faith. *Id.* Bad faith can be inferred when there is a delay in settlement negotiations without reasonable cause. *Id.* "Where liability is clear, and injuries so serious that a judgment in excess of policy limits is likely, an insurer has an affirmative duty to initiate settlement negotiations." *Id.* (citing *Farmers Ins. Exchange v. Schropp,* 222 Kan. 612, 567 P.2d 1359 (1977)). "Whether the insurer's delay in disclosing the policy limits foreclosed settlement negotiations and prevented an offer of settlement is a relevant and material fact issue." *Id.*

Here, the Defendant did indeed have a realistic opportunity to settle. The day that the insurance claim was reported to 21st Century, 21st Century claim manager Bryan Whidden noted that serious injury was probable, and that an "excess letter" needed to be sent to the insured. It

6

was also made clear during the deposition of Tracy Schwager that making initial contact immediately was "critical." (Doc. 56, pg. 42-43). Ms. Schwager was also faxed a hospital lien from St. Joseph's Hospital in the amount of $33,880.00, and the accident report stated that Kropilak had "incapacitating injuries" and was extracted by Bayflight. (Doc. 2-2 pg. 2-5). LaDonna Lupori, supervisor to Ms. Schwager, also testified that Ms. Schwager should have contacted Mr. Kropilak to offer the policy limits immediately upon review of the police report. (Doc. 61, pg. 70). Based on all of these factors, 21st Century could have reasonably inferred that a judgment in excess of policy limits was a possibility. Furthermore, when given the opportunity to settle after Mr. Kropilak had refused the policy limits, 21st century did not agree to a proposed settlement of $150,000.00 when their defense counsel, Jeff Worman, knew based on a pre-trial report that the estimated jury verdict range would be between $150,000 and $200,000.

This Court does take note of the *Johnson v. Geico Gen. Ins. Co.*, 318 Fed. Appx. 847 (11th Cir. 2009), where the court held that a quick turnaround of the insurer tendering the policy limits within thirty-three days could support no evidence of bad faith. Although the policy limits were tendered thirty-seven days after the accident, it does not clear the Defendant of a bad faith claim. Such an unreasonable delay could increase the risk of the insured's exposure to excess liability. *Valle v. State Farm Mut. Auto. Ins. Co.*, 394 Fed. Appx. 555. A reasonable jury could find that 21st Century knew that a judgment in excess of the policy limits was likely, and injuries were so serious that the insurer had an affirmative duty to initiate settlement negotiations. Whether 21st Century's failure to tender the policy limits until thirty-seven days after the accident and its failure to negotiate a settlement on the excess policy limits, were reasonable under the contexts of this case, are material issues of fact to be submitted to the jury. *Powell*, 584 So. 2d at 14.

The Defendant also argues that Florida law does not impose a duty on an insurer to allow its insured to enter into a "*Cunningham*-type" agreement. This Court agrees with the Plaintiffs in that this is not a "*Cunningham*-type" agreement. This Court need not undertake the burden of attempting to decide whether the refusal to try a bad faith case before the tort case is evidence of bad faith. Here, a judgment was entered before the bad faith action arose. In this instant case the Court is more concerned with whether, under the totality-of-the-circumstances, a reasonable jury could find that 21st Century had acted in bad faith with regards to whether the timing and amount of the settlement was reasonable. "An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783 (Fla. 1980) (citing *Auto Mutual Indemnity Co. v. Shaw*, 134 Fla. 815, 184 So. 852 (1938)). It could be reasonable for someone to accept a settlement for $150,000.00, when the estimated verdict range was from $150,000.00 to $200,000.00.

The Defendant finally contends that Collins has "unconditionally and irrevocably" assigned the proceeds from this lawsuit to Kropilak, and therefore, is not a real party in interest in this lawsuit. Here, Collins is a real party who possess a significant interest in this action. The fact that Collins and Kropilak have entered into an agreement does not bar Collins from having interest in this action:

> [i]n Florida, a bad faith action against an insurance company may be brought not only by the insured to whom the duty of good faith was owed or his or her formal assignee, but also by a third party whose claim against the insurance policy was the subject of alleged bad faith.

*Progressive Exp. Ins. Co. v. Scoma* 975 So. 2d 461 (Fla. 2d DCA 2007).

For the foregoing reasons, this Court holds that Defendant's Motion for Final Summary Judgment be denied because there is sufficient evidence where a reasonable jury could conclude that there is bad faith.

**ORDERED** that Defendant's Motion for Final Summary Judgment is DENIED.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of June 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record