**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT KROPILAK and,
NICOLE L. COLLINS,

    Plaintiffs,

v.                                                         CASE NO. 8:12-CV-1816-T-17TGW

21ST CENTURY SECURITY INSURANCE
COMPANY F/K/A NEW HAMPSHIRE
INDEMNITY COMPANY,

    Defendant.

_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant's, 21ST CENTURY SECURITY INSURANCE COMPANY F/K/A NEW HAMPSHIRE INDEMNITY COMPANY ("21st Century"), Motion in Limine to Preclude Testimony from Steven Ruth, Esquire, (Doc. # 88), filed May 12, 2014, and Plaintiffs', ROBERT KROPILAK and NICOLE L. COLLINS, Response in Opposition, (Doc. # 98), filed May 27, 2014.  For the reasons that follow, 21st Century's motion is granted in part.

21st Century seeks to preclude testimony of Steven Ruth, Esquire, regarding the advice Mr. Ruth would have given his client Robert Kropilak during the course of Mr. Kropilak's underlying tort case.  Mr. Ruth represented Mr. Kropilak in the underlying tort case, and 21st Century anticipates Plaintiffs will elicit testimony from Mr. Ruth regarding:

(1) The advice Mr. Ruth would have given Mr. Kropilak with respect to 21st Century's offer of policy limits up to and until November 7, 2008; and
(2) The decision Mr. Ruth believed Mr. Kropilak would have made based on the advice with respect to 21st Century's offer of policy limits.

(Doc. # 88, p.2). 21st Century asserts these areas of testimony are inadmissible due to their speculative nature and the Plaintiffs' invoking attorney-client privilege during deposition. Plaintiffs concede, at the very least, they are likely to elicit this testimony at trial, but that some level of speculation is necessary due to the posture of this case, and that the communications were not protected by the attorney-client privilege.

This Court finds the first portion of Mr. Ruth's testimony—the advice he would have given to Mr. Kropilak—is not speculative. Mr. Ruth's experience and knowledge of the tort industry and legal landscape of the Tampa Bay legal community is undisputed in this case, and there is no speculation with respect to the advice and strategy he would have employed in this case. Therefore, Mr. Ruth is permitted to testify to the advice he would have given Mr. Kropilak; however, it is highly speculative for Mr. Ruth to testify to the potential decision of a client faced with this advice, and therefore, Mr. Ruth is not permitted to testify to that extent. Finally, regarding Mr. Kropilak's decision to invoke the attorney-client privilege at deposition based on the advice of counsel, should Plaintiffs seek to introduce the reason Mr. Kropilak would have accepted or rejected any offer at any stage of the underlying litigation, 21st Century is absolutely entitled to the discovery of the reason or reasons for the acceptance or rejection, and are permitted to conduct a deposition of Mr. Kropilak on that limited basis.

Accordingly, it is **ORDERED** that:

(1) Defendant's, 21st Century Security Insurance Company f/k/a New Hampshire Indemnity Company, Motion in Limine with respect to precluding Steven Ruth, from testifying regarding the advice he would have given Plaintiff, Robert Kropilak, is **DENIED**;

(2) Defendant's Motion in Limine with respect to precluding Steven Ruth, from testifying regarding what Plaintiff, Robert Kropilak would have done based on Steven Ruth's advice, is **GRANTED**;

2

(3) Defendant's Motion in Limine with respect to a negative presumption, due to Plaintiff's, Robert Kropilak, assertion of attorney-client privilege when asked for the reason for rejecting policy limits, is **DENIED**; however,

(4) Should Plaintiffs seek to introduce evidence regarding Plaintiff's, Robert Kropilak, decision to reject policy limits, Defendant is entitled to a limited deposition of Plaintiff, Robert Kropilak, on this issue. The deposition must be conducted outside the presence of the Court and before the introduction of such evidence before the jury.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of July, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:     All Counsel and Parties of Record