**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT KROPILAK and,
NICOLE L. COLLINS,

     Plaintiffs,

v.                                   CASE NO. 8:12-CV-1816-T-17TGW

21ST CENTURY SECURITY INSURANCE
COMPANY F/K/A NEW HAMPSHIRE
INDEMNITY COMPANY,

     Defendant.
_____/

## <u>ORDER</u>

     This matter comes before the Court pursuant to Plaintiffs', ROBERT KROPILAK and NICOLE L. COLLINS, Motion in Limine to Exclude Evidence of Claims Conduct of Underinsured Motorist Carrier and Availability of Underinsured Motorist Benefits from the Trial of This Matter, (Doc. # 86), filed May 12, 2014, and Defendant's, 21ST CENTURY SECURITY INSURANCE COMPANY F/K/A NEW HAMPSHIRE INDEMNITY COMPANY ("21st Century"), Memorandum in Opposition, (Doc. # 96), filed May 27, 2014.  For the reasons that follow, the Plaintiffs' motion is granted.

     Plaintiffs seek to exclude—on the basis of irrelevancy, unfair prejudice, and confusion of issues—any evidence of the claims conduct of Robert Kropilak's underinsured motorist carrier, and evidence of underinsured motorist payments. Defendant opposes these contentions, and argues the evidence is relevant to the issue of whether Robert Kropilak would have settled, as well as the basis for Robert Kropilak's potential rejection of any offers.

As the Defendant argues, the existence of underinsured motorist coverage is relevant to the issue of whether Robert Kropilak could have settled, and any unfair prejudice with respect to the mere existence of this coverage would not substantially outweigh the probative value; however, the amount of underinsured motorist coverage available to Robert Kropilak bears no relevance on the issue of bad faith, and would cause a substantial risk that the jury would confuse the issues.  Therefore, Defendant is precluded from making any reference to the amount of underinsured motorist coverage available to Robert Kropilak.

Regarding claim handling, this Court finds instructive Judge Susan Bucklew's evaluation of admitting the claims handling of uninsured or underinsured motorist coverage in Mendez v. Unitrin Direct Property & Casualty Insurance Co., 622 F.Supp.2d 1233 (M.D. Fla. 2007).  In that case, the court initially allowed the defendant in a bad faith case to admit evidence of the underinsured motorist insurance company's claims handling along with the evidence of the bad faith claims handling.  Judge Bucklew opined the jury may have compared the underinsured motorist insurance company's claims process and handling with that of the carrier accused of bad faith.  The Court agrees with Judge Bucklew's extensive review and analysis of the issue, and deems any relevance this evidence might have is substantially outweighed by the unfair prejudice.  Therefore, Defendant is precluded from making any reference or admitting any evidence concerning the underinsured motorist coverage claims handling.

Accordingly, it is **ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence of Claims Conduct of Underinsured Motorist Carrier and Availability of Underinsured

Motorist Benefits from the Trial of This Matter is **GRANTED**, and Defendant shall make no reference, nor introduce any evidence concerning:

(1) The amount of available underinsured motorist coverage available to Robert Kropilak; and

(2) The underinsured motorist carrier's claims handling of this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of July, 2014.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:     All Counsel and Parties of Record